```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

<u>Black Dawg Sealcoat, LLC, et al.</u>

    v.                            Civil No. 11-cv-00187-JL

<u>Ameriseal Sealcoating, et al.</u>

### **ORDER AFTER PRELIMINARY PRETRIAL CONFERENCE**

The Preliminary Pretrial Conference was held in chambers on **July 27, 2011.**

The Discovery Plan (document no. 15) is approved as submitted, with the following changes:

- Close of discovery – **March 1, 2012**

- Plaintiff's expert disclosure – **January 15, 2012**
  Defendant's expert disclosure – **February 15, 2012**

- Jury/Bench trial – **Jury**

**Plaintiff's motion for preliminary injunction.** A hearing on this motion (document no. 6) will be held on **September 19, 2011,** at **1:30 p.m.**

On or before **September 12, 2011,** the parties shall **jointly** file:

- a **single** timeline setting forth all pertinent dates, times, and events, in whatever format the parties jointly choose (in other words, the parties need not comply with Local Rule 5.1(a) with respect to the timeline);

- a **single** Statement of Agreed Facts followed by a Statement of Disputed Facts.  The disputed facts are not an invitation to advocacy (i.e., "The plaintiff can not establish irreparable harm because. . . ." or "There is a strong likelood of success on the merits because . . . .").  The parties should simply list disputed facts they intend to establish at the hearing, or which they contend will not be established at the hearing.

On or before **September 15, 2011,** each party shall file:

- a witness list;

- an exhibit list; and

- proposed findings of fact and rulings of law.

Counsel shall confer before the hearing to identify all areas of agreement and disagreement as to the admissibility of each exhibit.

On or before **3:00 p.m. on September 16, 2011,** the plaintiff shall file a proposed order in compliance with Rule 65 and Local Rule 65.1.  The order shall specifically address the amount of the bond, if any, under Rule 65(c).

**Summary Judgment.**  The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and delineation of material issues of disputed fact, will be required.

**Discovery disputes.**  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the

normal course.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible.  If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the United States Magistrate Judge.  Such referral requests will normally be granted.  If the Magistrate Judge is recused, alternate arrangements will be made.

**SO ORDERED.**

                                                      _____
                                                      Joseph N. Laplante
                                                      United States District Judge

Dated: July 28, 2011

cc:  Darrin R. Brown, Esq.
     Douglas N. Steere, Esq.